UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND<br><br>and<br><br>TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20, INDIANAPOLIS AREA, PENSION TRUST<br><br>and<br><br>TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 DEFINED CONTRIBUTION PENSION FUND<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROGERS MECHANICAL, INC.<br>8209 Crackling Lane<br>Indianapolis, IN 45259<br><br>　　　　Defendant. | Case No. 1:20-cv-1188 |

# COMPLAINT

1. Plaintiffs are the Trustees of the Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund, Trustees of the Sheet Metal Workers Local Union No. 20, Indianapolis Area, Pension Trust, and Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund (collectively, "the Funds"). Defendant, Rogers Mechanical, Inc., is an employer that was obligated to make contributions to the Funds based upon a contractually agreed rate, so that

1

Defendant's employees may participate in and receive the employee benefits through the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and all amounts due as a result of Defendant's failure to remit contributions to the Funds, as required.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

4. The Plaintiffs are trustees of the Funds, which are multiemployer benefit plans and employee welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered in Marion County, Indiana.

5. Defendant, Rogers Mechanical, Inc., is an Indiana corporation with its principal place of business located in Marion County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

6. The Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 1, Health Fund Trust Agreement, Art. III, Section 3.18, at p. 29). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Health Fund Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Health Fund Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit 1, Health Fund Trust Agreement, Art. III, Section 3.02, at p. 19).

9. The Sheet Metal Workers Local Union No. 20, Indianapolis Area, Pension Trust ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust Agreement") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 2, Pension Fund Trust Agreement, Art. II, at p. 3). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

10. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Pension Fund Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

11. The Pension Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 2, Pension Fund Trust Agreement, Art. IV, Section 4, at p. 7).

12. The Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund ("DC Fund") was established by an Agreement and Declaration of Trust ("DC Fund Trust Agreement") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 3, DC Fund Trust Agreement, Art. II, at p. 4). The DC Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The DC Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

13. The DC Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA,

29 U.S.C § 186(c)(5). The DC Fund Board of Trustees is the "plan sponsor" of the DC Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

14. The DC Fund Board of Trustees is vested with the authority to collect employer contributions due to the DC Fund. (Exhibit 3, DC Fund Trust Agreement, Art. III, Sec. 4 at p. 5-6).

15. The Funds have adopted Collection Policies and Procedures, governing the collection of contributions and other amounts owed to the funds, as well as the conduct of employer audits. (Exhibit 4, Health Fund Collection Policy; Exhibit 5, Pension Fund Collection Policy; Exhibit 6, DC Fund Collection Policy).

16. On January 7, 2019, Defendant, through its President, executed a Project Stipulation Agreement. (Exhibit 7). By executing the Project Stipulation Agreement, Defendant assented to and became bound by the collective bargaining agreement then in force between the Sheet Metal Contractors Association of Central Indiana, Inc. and the Union ("CBA") with respect to work performed on the construction job site described in the Project Stipulation Agreement, namely, the Ford Assembly Building Renovation, 1301 E. Washington Street, Indianapolis, IN 46202 ("the Project"). (Exhibit 8).

17. As an employer bound by the CBA, Defendant became obligated to submit timely reports of the hours worked by covered employees and to make certain contributions to the Health, Pension, and DC Funds. (Exhibit 8, Addendum V, Section 1(a), at p. 24 and Addendum VIII, Section 1(a), at p. 28)

18. Despite having a contractual obligation to submit monthly reports of covered hours worked and to remit contribution payments, Defendant has failed to report all hours worked by

covered employees on the Project and has similarly failed to remit all contribution payments due for the period of January 2019 forward.

19. Defendant has failed to contribute to the Funds for all covered work, despite repeated requests.

20. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions for covered hours worked on the Project, plus liquidated damages, and interest, all in amounts yet to be determined, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), ERISA § 515, 29 U.S.C. § 1145 and LMRA § 301, 29 U.S.C. § 185.

21. An audit must be completed to confirm the amounts owed for covered work performed on the Project by Defendant's employees and subcontractors.

## COUNT I
### Failure to Remit Contributions/Reports
### ERISA § 515, 29 U.S.C. § 1145

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. At all relevant times, Defendant was a party to and agreed to abide by the terms of the CBA for work performed on the Project.

24. The CBA binds Defendant to the terms of the Health, Pension and DC Trust Agreements. (Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b) and 16(a), at pp. 32, 36).

25. Pursuant to the CBA, Pension Trust, Health Trust, DC Trust, and collection policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36; Exhibit 1, Health Fund Trust Agreement, Art. VI, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, at pp. 6-7; Exhibit 3, DC Fund Trust Agreement, Art. III, at p. 5; Exhibits 4-6, Collection Policies).

26. Plaintiffs have a duty to collect contributions owed to the Funds.

27. Defendant may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendant is required to provide in connection with such audits any and all payroll records that may be required to complete such audits. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.02, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, Section 5, at p. 8; Exhibit 3, DC Fund Trust Agreement, Art. III, Section 5, at p. 7; Exhibits 4-6, Collection Policies; Exhibit 8; CBA, Addendum VIII, Section 17, at p. 37).

28. The CBA requires Defendant to submit all monthly reports and contributions on or before the 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 4-6, Collection Policies; Exhibit 8, CBA, Art. VI, Section 15, at p. 9).

29. Defendant failed to timely report all hours of covered work performed on the Project and timely remit all contribution payments as required by the CBA, Trust Agreements, and collection policies.

30. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, accrued and accruing interest, and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II
### Breach of Contract & Failure to Remit Contributions
### LMRA § 301, 29 U.S.C. § 185

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. At all relevant times, Defendant was a party to and agreed to abide by the terms of the CBA for work performed on the Project.

33. The CBA binds Defendant to the terms of the Health, Pension and DC Trust Agreements. (Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b) and 16(a), at pp. 32, 36).

34. Pursuant to the CBA, Pension Trust, Health Trust, DC Trust, and collection policies adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36; Exhibit 1, Health Fund Trust Agreement, Art. VI, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, at pp. 6-7; Exhibit 3, DC Fund Trust Agreement, Art. III, at p. 5; Exhibits 4-6, Collection Policies).

35. Plaintiffs have a duty to collect contributions owed to the Funds.

36. Defendant may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendant is required to provide in connection with such audits any and all payroll records that may be required to complete such audits. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.02, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, Section 5, at p. 8; Exhibit 3, DC Fund Trust Agreement, Art. III, Section 5, at p. 7; Exhibits 4-6, Collection Policies; Exhibit 8; CBA, Addendum VIII, Section 17, at p. 37).

37. The CBA requires Defendant to submit all monthly reports and contributions on or before the 25th day of the month following the month in which work was performed. In the event

that contributions are not made by the due date, they are delinquent. (Exhibits 4-6, Collection Policies; Exhibit 8, CBA, Art. VI, Section 15, at p. 9).

38. Defendant failed to timely report all covered hours worked on the Project and remit all contributions as required by the CBA, Trust Agreements, and collection policies.

39. Defendant's conduct is in breach of the CBA, Trust Agreements, and collection policies, and Plaintiffs are therefore entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### Failure to Pay Liquidated Damages and Interest
### ERISA § 515, 29 U.S.C. § 1145

40. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

41. At all relevant times, Defendant was a party to and agreed to abide by the terms of the CBA for work performed on the Project.

42. The terms of the CBA require Defendant to make contributions to the Funds. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36). The CBA also binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b) and 16(a), at pp. 32, 36).

43. The Plaintiffs have a duty to collect contributions owed to the Funds.

44. Pursuant to the CBA, Health Trust, Pension Trust, DC Trust and collection policies adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36; Exhibit 1, Health Fund Trust Agreement, Art. VI, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, at pp. 6-7; Exhibit 3, DC Fund Trust Agreement, Art. III, at p. 5; Exhibits 4-6, Collection Policies).

45. The CBA requires Defendant to submit all monthly reports and contributions on or before the 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 4-6, Collection Policies; Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b), and 8(d), pp. 32-34). If monthly work reports and contributions are delinquent and payment is not made by the last day of the month after the work was performed, liquidated damages of 15% are assessed. (Exhibits 4-6, Collection Policies, ¶ 5). Delinquent contributions are also subject to 1.5% monthly interest beginning on the due date. *Id.* at ¶ 9.

46. Defendant failed to timely report all hours and timely remit all contribution payments for covered work performed on the Project, as required by the CBA, Trust Agreements, and collection policies. As such, Plaintiffs are entitled to liquidated damages and interest on Defendant's delinquent contributions.

47. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV
### Breach of Contract & Failure to Pay Liquidated Damages and Interest
### LMRA § 301, 29 U.S.C. § 185

48. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

49. At all relevant times, Defendant was a party to and agreed to abide by the terms of the CBA for work performed on the Project.

50. The terms of the CBA require Defendant to make contributions to the Funds. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36). The

CBA also binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b) and 16(a), at pp. 32, 36).

51. The Plaintiffs have a duty to collect contributions owed to the Funds.

52. Pursuant to the CBA, Health Trust, Pension Trust, DC Trust and collection policies adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36; Exhibit 1, Health Fund Trust Agreement, Art. VI, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, at pp. 6-7; Exhibit 3, DC Fund Trust Agreement, Art. III, at p. 5; Exhibits 4-6, Collection Policies).

53. The CBA requires Defendant to submit all monthly reports and contributions on or before the 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 4-6, Collection Policies; Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b), and 8(d), pp. 32-34). If monthly work reports and contributions are delinquent and payment is not made by the last day of the month after the work was performed, liquidated damages of 15% are assessed. (Exhibits 4-6, Collection Policies, ¶ 5). Delinquent contributions are also subject to 1.5% monthly interest beginning on the due date. *Id*. at ¶ 9.

54. Defendant failed to timely report all hours and timely remit all contribution payments for covered work performed on the Project, as required by the CBA, Trust Agreements, and collection policies. As such, Plaintiffs are entitled to liquidated damages and interest on Defendant's delinquent contributions.

55. Defendant's actions are in breach of the CBA, Trust Agreements, and collection policies, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

56. Plaintiffs reallege each averment set forth as if fully rewritten herein.

57. At all relevant times, Defendant was a party to and agreed to abide by the terms of the CBA.

58. The CBA binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 8, CBA, Addendum VIII, Sections 8(a), 8(b) and 16(a), at pp. 32, 36).

59. Pursuant to the CBA, Health Trust, Pension Trust, DC Trust and collection policies adopted by Plaintiffs, Defendant is required to submit accurate monthly reports of covered hours worked on the Project and remit full and correct contribution payments. (Exhibit 8; CBA, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a) at pp. 28, 32, 33, 36; Exhibit 1, Health Fund Trust Agreement, Art. VI, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, at pp. 6-7; Exhibit 3, DC Fund Trust Agreement, Art. III, at p. 5; Exhibits 4-6, Collection Policies).

60. Pursuant to the terms of the CBA and the Collection Policies, Defendant may be required to submit to a payroll audit to verify Defendant's compliance. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audit. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.02, at p. 40; Exhibit 2, Pension Fund Trust Agreement, Art. IV, Section 5, at p. 8; Exhibit 3, DC Fund Trust Agreement, Art. III, Section 5, at p. 7; Exhibits 4-6, Collection Policies; Exhibit 8; CBA, Addendum VIII, Section 17, at p. 37).

61. Plaintiffs have no way of verifying, absent an audit, the number of covered hours worked by Defendant's employees on the Project. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest.

62. The Funds' collection policies provide that, in the event an audit discloses a discrepancy, the employer will be responsible for the costs of the audit. (Exhibits 4-6, ¶ 19).

63. In accordance with the terms of the CBA, Trust Agreements, and Audit Policy, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment against the Defendant requiring Defendant to submit to a payroll audit to determine amounts that may be due and owing to Plaintiffs;

B. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for covered work performed on the Project, in such amounts as may be determined by audit, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 1.5% per month for late delinquent contributions from their respective due dates, and liquidated damages equal to 15% of the delinquent contributions;

D. Judgment for Plaintiffs' audit costs, in accordance with the Funds' collection policies;

E.	An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

F.	Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: April 17, 2020

Respectfully submitted,

s/ Thomas R. Kendall
Thomas R. Kendall (26859-15)
Paul E. Stoehr (OH #0096213)
**LEDBETTER PARISI LLC**
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
tkendall@fringebenefitlaw.com
pstoehr@fringebenefitlaw.com
*Counsel for Plaintiffs*