IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND *et al.*,<br><br>    Plaintiffs,<br><br>-vs-<br><br>ROGERS MECHANICAL, INC.<br><br>    Defendant. | No. 1:20-cv-01188-SEB-MJD<br><br>Judge Sarah E. Barker<br>Magistrate Judge Mark J. Dinsmore |

## PLAINTIFFS' STATEMENT OF CLAIMS

Now come Plaintiffs, Trustees of the Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund, Trustees of the Sheet Metal Workers Local Union No. 20, Indianapolis Area, Pension Trust, and Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund (the "Funds"), and hereby tender their statement of claims.

1) **Defendant failed to pay the contributions to the employee benefit funds of which Plaintiffs are trustees as required by the terms of Defendant's collective bargaining agreement ("CBA").**

   - Defendant is an employer, signatory to a CBA with SMART Local Union No. 20, Indianapolis Area, with respect to work performed on the Ford Assembly Building Renovation, 1301 E. Washington Street, Indianapolis, IN 46202. (Doc. #1-7, 1-8.) The CBA requires Defendant to contribute to the Plaintiffs' trust funds for work performed by its employees. (Doc. #1-8, Addendum VIII, Sections 1(a), 8(a), 8(b) and 16(a)).

   - The CBA prohibits the subcontracting of covered work to non-union subcontractors. (CBA Art. II, Sec. 1, Doc. #1-8, p. 4). If Defendant subcontracts covered work to a non-union subcontractor which does not contribute to the Funds, then Defendant is required to make the corresponding contributions. *Walsh v. Schlecht*, 429 U.S. 401 (1977) and *Laborers' Pension Fund v. Concrete Structures*, 999 F.2d 1209 (7th Cir. 1993).

   - The amount of contributions owed by Defendant to Plaintiffs is shown in the report of a payroll audit conducted in the context of this litigation. An auditor's report detailing

  the amount of delinquent contributions due to a multiemployer fund is entitled to a presumption of correctness. *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 782-783 (7th Cir. 2002).

- Defendant's failure to contribute as required by the terms of its CBA is actionable under ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, and LMRA § 301, 29 U.S.C. § 185.

2) **Defendant is obligated to pay liquidated damages, interest, audit fees, and attorney's fees and costs as a result of its failure to make complete and timely contribution payments.**

- Under ERISA § 502(g), employers that fail to pay contributions on a timely basis are liable not only for the unpaid contributions, but also for liquidated damages, interest, and attorney fees and costs. 29 U.S.C. § 1132(g)(2)(A)-(D).

- Under the terms of Plaintiffs' Collection Policies, if monthly work reports and contributions are delinquent and payment is not made by the last day of the month after the work was performed, liquidated damages of 15% are assessed. (Doc. #1-4, 1-5, 1-6, Collection Policies, ¶ 5. Delinquent contributions are subject to 1.5% monthly interest beginning on the due date. (Doc. #1-4, 1-5, 1-6, Collection Policies, ¶ 9. In the event an audit discloses a discrepancy, the employer is responsible for the costs of the audit. (Doc. #1-4, 1-5, 1-6, Collection Policies, ¶ 19).

- The amount of liquidated damages and interest owed by Defendant will be based on the amount of unpaid contributions shown in the payroll audit and supported by testimony from the Funds' Administrator. The amount of audit fees and attorney fees and costs owed by Defendant will be based on the fees and costs actually incurred and will be supported by the testimony of Plaintiffs' attorneys and the Funds' Administrator.

Respectfully submitted,

/s Thomas R. Kendall
Thomas R. Kendall (26859-15)
Paul E. Stoehr (OH #0096213)
LEDBETTER PARISI LLC
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
tkendall@fringebenefitlaw.com
pstoehr@fringebenefitlaw.com
*Counsel for Plaintiffs*